IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REUTERS NEWS & MEDIA INC,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Case No. 22-0587 (ZMF) |

**PLAINTIFF'S MOTION FOR PRODUCTION ORDER**

Plaintiff Reuters News & Media Inc. ("Reuters") respectfully moves for an order requiring Defendant U.S. Department of Health and Human Services ("HHS") to begin processing and producing records in this FOIA action. As of this filing, Reuters' FOIA request is over four years old, the lawsuit is over three years old, the parties have agreed on search terms and search methodology, and HHS identified at least some specific emails that are responsive to the agreed-upon search. But HHS has processed *zero* pages. For the reasons set forth herein, Reuters respectfully requests that the Court enter an order requiring HHS to begin processing 5,000 pages per month.[1]

### I. BACKGROUND

**A.     The request and HHS's initial (and erroneous) response**

On August 5, 2021, Reuters filed a FOIA request with HHS for:

1) Analysis, documents or reports related to the performance of contractors or subcontractors awarded contracts by HHS, including APSR and BARDA related to

---

[1] In the prior status report, Plaintiff indicated that it intended to file this motion on August 18, 2025. *See* ECF No. 52. Plaintiff needed two additional days to finalize the motion before filing, and Plaintiff apologizes for any inconvenience to the Court for filing on August 20, 2025.

>all healthcare, medicines, vaccines, therapies, syringes, respirators and other medical needs for the response to the COVID-19 pandemic from January 1, 2020 to present, including the attached contracts.
>
>2) FDA communications related to the contractor's performance before award or after award.

ECF No. 18-3 at Ex. 1.

HHS issued a determination on October 12, 2021, which stated that HHS had conducted a search and located no responsive records. ECF No. 18-3 at Ex. 2. Reuters timely administratively appealed that determination on October 20, 2021, and explained in that appeal that the HHS public affairs office had admitted the existence of responsive records. ECF No. 18-3 at Ex. 3. HHS acknowledged the appeal on November 8, 2021, and asserted that "unusual circumstances" required it to consult with another office or agency to decide the appeal. ECF No. 18-3 at Ex. 4. HHS had still not yet decided the appeal by the deadline, so Reuters brought this suit on March 3, 2022. ECF No. 18-3 at ¶ 8.

**B.     The lawsuit & initial search negotiations**

After Reuters sued, HHS maintained that it located no responsive records, but because that result was "somewhat unexpected" for both parties, the parties agreed to confer about additional searches. *See* ECF No. 8; ECF No. 18-4 ¶ 4. On December 22, 2022, Reuters proposed a list of custodians, a date range, a proposed search methodology, and a set of search terms. *See* ECF No. 18-4 at ¶ 5; ECF No. 18-4 at Ex. 1. HHS indicated that it planned to conduct a search but with different parameters, including a limitation on "data being requested" (*i.e.*, the type of files HHS proposed to search) that Reuters had not proposed, and the omission of some of Reuters' proposed custodians. *See* ECF No. 18-4 at Ex. 2. Reuters did not agree to the modifications; instead, it raised questions about the omissions of some of Reuters' proposed custodians and the proposed date range. *See* ECF No. 18-4 at ¶ 7; ECF No. 18-4 at Ex. 3.

**C.     HHS admits it failed to conduct the agreed-upon search**

A month and a half later, HHS claimed to have conducted the search "in accordance with the terms [Reuters' counsel] proposed," including by adding the missing custodians. ECF No. 18-4 at Ex. 4. HHS told Reuters that the search located no responsive records. *Id*.

The agreed-upon timeframe for the search is January 1, 2020-August 5, 2021, and the specific agreed-upon custodians and keywords are:

> Christian Hassell; Tom Warf; Bob Kadlec; Rick Bright; Gary Disbrow; Rob Johnson; MEP; Armen Donabedian; Ruben Donis; Michael P. Angelastro; Karl Erlandson; Kimberly Armstrong; Kathryn Bell; Patrick L Hernandez; Jonathan Greene; Shaun Allen; Diana Y. Wong;

> [Beckman Coulter OR Cembio OR Hologic OR Luminex OR Qiagen OR Siemens w/2 Healthineers OR Philips OR Pfizer OR Janssen w/2 Research OR Janssen OR Johnson w/2 Johnson OR "j&j" OR "J & J" OR "j and j" OR "Texas A & M" OR "Texas a&m" OR Fujifilm OR Novavax OR "Eli Lilly" OR Lilly OR Becton w/2 Dickinson OR "BD" OR Catalent OR Moderna OR "Emergent BioSolutions" OR "Emergent" OR Smiths Medical OR "Smiths" OR Quidel] **AND** (COVID! OR corona! OR virus! OR pandem! OR vaccin! OR manufactur! OR plant! OR facilit!) **AND** (award! OR contract! OR agreem! OR deal! OR evaluat! OR perform! OR inspect! OR review! OR examin! OR assess! OR investig! OR analy! OR diagnos! OR contamin! OR warning! OR problem! OR concern! OR troubl! OR setback! OR difficult! OR crisis! OR issues OR delinq! OR implement! OR FDA OR "white house" OR countermeasur! OR 483 OR recall! OR experience! OR inexperience! OR "Food and Drug Administration" OR bright OR Kadlec OR Navarro OR Pete OR Robert OR Bob).

*See* ECF No. 18-4 at Ex 1; ECF No. 38.

Reuters correctly suspected that the search was *not* properly performed because Reuters possesses, through other channels, at least seven HHS documents that satisfy the search criteria it proposed. ECF No. 18-3 at ¶ 9; ECF No. 23-3 at Exs. 1-7 (copies of the seven documents). So Reuters, through counsel, sought more information about how HHS conducted the search, and sent HHS copies of the responsive documents Reuters obtained through other channels. ECF No. 18-4 at ¶¶ 9-10. HHS provided conflicting accounts of its search and no satisfactory explanation for why it did not produce the seven documents, including why these documents did not return on the

keyword search when they plainly contained the keywords. ECF No. 18-4 at ¶ 11; ECF No. 23-3 at Exs. 10-14. It also refused to provide a search declaration outside of summary judgment briefing, or any other sworn evidence describing its search. ECF No. at 18-4 at ¶ 12. Thus, Reuters filed a motion for summary judgment. *See* ECF No. 18.

HHS filed a combined response and cross-motion for summary judgment. *See* ECF No. ECF No. 22. Reuters filed a combined response and reply. *See* ECF No. 23. Thirty minutes after Reuters filed its combined response and reply brief, counsel for HHS threatened sanctions for allegedly misrepresenting the results of HHS's search. Wayne Decl. at ¶¶ 4-5.

While preparing its cross-reply, HHS discovered that, contrary to what it reported in the June 23, 2023 Joint Status Report, and despite threatening Reuters with a sanctions motion over the issue, it had **not** actually conducted a search according to the agreed search protocol. ECF No. 34. HHS then claimed to have conducted a new search that conformed to the agreed search protocol, and, on May 14, 2024, the parties withdrew their briefing so HHS could process the records. *Id.*

### D.     HHS continues to refuse to produce documents

This Court held a status conference on September 18, 2024. The Court ordered HHS to provide a declaration explaining its backlog, which HHS provided on November 4, 2024. *See* ECF No. 44. The Court also ordered the parties to meet and confer, and as part of that process, Reuters raised questions about HHS's FOIA software and alleged inability to manage the universe of records. *See* ECF Nos. 46-47. HHS has not conducted an actual deduplication of all of the records—instead only deduplicating a sample of the records and extrapolating an estimate based on that sample—and HHS has not provided a page count breakdown of the search results by custodian and search term. Wayne Decl. at ¶ 8.

Reuters requested HHS have its Office of the Chief Information Officer ("OCIO") provide a CSV summary search report spreadsheet for a sample[2] of a custodian's emails. HHS provided this summary search report on January 31, 2025 ("January Spreadsheet"). ECF No. 49. The January Spreadsheet contained the metadata for approximately 18,034 emails, such as sender, recipient, date, and whether there is an attachment. Wayne Decl. at ¶ 10. Reuters then requested that HHS provide similar summary reports for the remainder of the sample custodian's emails and the remaining custodians. ECF No. 50. HHS reported that it would provide the full summary by May 19, 2025. *Id.* That did not occur. ECF No. 51. HHS then reported that it would provide the summary by June 15, 2025. *Id.* That did not occur. ECF No. 52. On June 25, 2025, HHS sent Reuters a spreadsheet ("June Spreadsheet"), and HHS claimed this new spreadsheet proved there are billions of hits. Unlike the January Spreadsheet, the June Spreadsheet does not contain metadata for emails; rather it purports to state the count of files and size in bytes for "export containers," but none of this information is connected to a custodian or search terms nor does any of the information in the June Spreadsheet help Reuters intelligently narrow the scope of the request. *Id.*; Wayne Decl. at ¶ 13.

Based on the information in the spreadsheets provided by HHS, Reuters responded that it cannot assess the validity of HHS's claim of billions of hits. ECF No. 52. Given the parameters of the search, the time period and the number of custodians, Reuters does not believe that it would be possible for the search to generate billions of hits. *Id.*; *see also* Wayne Decl. at ¶ 14. And because HHS refuses to provide a breakdown of hits by custodian and search term or provide a

---

[2] The sample came from earlier discussions the parties had about the universe of records responsive to the supplemental search.

full OCIO summary search report for all custodian, Reuters has exhausted its efforts at conferring with HHS.

## II. ARGUMENT

Absent a production order, HHS has demonstrated that it will not process a single page in response to Reuters' FOIA request. But HHS's conduct is inconsistent with its obligations under the FOIA statute. FOIA requires agencies to make records "promptly available," 5 U.S.C. § 552(a)(3)(A), an instruction the D.C. Circuit has construed to be mandatory. *Jud. Watch, Inc. v. DHS*, 895 F.3d 770, 774 (D.C. Cir. 2018) (holding that FOIA contains a "mandate that federal agencies 'shall' make requested records 'promptly available.'") (quoting 5 U.S.C. § 552(a)(3)(A)). Production typically must occur within "days or a few weeks of a 'determination [to produce records],' not months or years." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (quoting 5 U.S.C. § 552(a)(6)(C)(i)). Courts in appropriate cases have ordered consulting entities to complete their consultations by a set deadline. *Leopold v. Dep't of Justice*, Civ. A. No. 24-cv-00522-RBW, ECF No. 16 (D.D.C.); *Leopold v. Dep't of Justice*, Civ. A. No. 19-1278-RBW, ECF No. 88 (D.D.C.).

HHS has no legal basis to continue to violate FOIA's clear requirements.[3] The parties agreed on a search methodology that Plaintiff proposed on **December 22, 2022**. ECF No. 18-4 at Exs. 1-5. By providing a summary search report in the form of the January Spreadsheet, HHS demonstrates that it has identified specific records that hit on the agreed-upon search terms, but HHS has not even processed a single page from that universe.

As of this filing, nearly 33 months have passed since Reuters made its supplemental search proposal. The D.C. Circuit has held that "unreasonable delays in disclosing non-exempt

---

[3] HHS has not filed an *Open America* stay. *See Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).

documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." *Payne Enters. v. United States*, 837 F.2d 486, 494 (D.C.Cir.1988); (quoting *Long v. IRS*, 693 F.2d 907 (9th Cir.1982)).

Accordingly, this Court should "use its equitable powers to require the agency to process documents according to a court-imposed timeline." *Seavey v. Dep't of Just.*, 266 F. Supp. 3d 241, 244 (D.D.C. 2017). In doing so, Reuters respectfully requests that the Court order HHS to process 5,000 pages per month. *See Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (ordering FBI to process 5,000 page per month); *Open Soc'y Just. Initiative v. Cent. Intel. Agency*, 399 F. Supp. 3d 161, 169-70 (S.D.N.Y. 2019) (holding that processing 5,000 pages per month is "practicable" even if the agency must update its "antiquated review capacities" to that of a "reasonable agency's technological capability"). Five thousand pages per month is reasonable here because of HHS's unreasonable delays throughout this case and because of the significant public benefit and interest in learning about how HHS evaluated its contractors during the COVID-19 Pandemic. *Open Soc'y Just. Initiative*, 399 F. Supp. 3d at 170 (holding that an agency's half-year delay "reinforced the need for a meaningful production schedule" of 5,000 pages per month); *see Clemente*, 71. F. Supp. 3d at 269; *Seavey*, 266 F. Supp. 3d at 246 (holding that a policy of merely 500 pages per month "ensures" there will be "interminable delay" in completing a request). Indeed, had HHS immediately begun processing the records in December 2022, then it would have processed approximately 16,500 pages to date. But if the Court were to order HHS to process 5,000 pages per month now, then by the end of this calendar year, Reuters will receive the 16,500 pages it should have been receiving over the last 33 months. Therefore, a "meaningful production schedule" for 5,000 pages per month is necessary in light of HHS's unreasonable delays. *See Open Soc'y Just. Initiative*, 399 F. Supp. 3d at 170.

### III. CONCLUSION

The Court should grant Reuters motion, order HHS to process 5,000 pages per month, and order HHS to produce all non-exempt records.

Dated: August 20, 2025

Respectfully submitted,

/s/ Merrick Wayne
Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
Tel. 312-243-5900
foia@loevy.com

*Attorneys for Plaintiff*